William G. Dryden #2395
Jaclyn Gans #9291
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
P.O. Box 1539
Boise, Idaho 83701
wgd@elamburke.com
jtg@elamburke.com
Telephone: 208-343-5454
Facsimile:  208-384-5844

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY BLITON and SHANNON BLITON,<br><br>    Plaintiffs,<br>vs.<br><br>FCA US, LLC,<br><br>    Defendant. | Case No.  1:18-CV-243<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant FCA US LLC hereby removes this action from the District Court of the First Judicial District of Kootenai County, Idaho, to the United States District Court for the District of Idaho.

### I.   PROCEDURAL BACKGROUND

1. On May 17, 2017, Plaintiffs Bradley and Shannon Bliton (the "Blitons" or "Plaintiffs") filed a Complaint (the "Complaint") in the District Court of the First Judicial District of Kootenai County, Idaho in the case captioned *Bradley and Shannon Bliton v. Fiat Chrysler Automobiles North America, LLC and Fiat Chrysler Automobiles, N.V.*, Case No. CV17-3880. In accordance with 28 U.S.C. § 1446(a) and Dist. Idaho Loc. Civ. R. 81.1, a copy of

NOTICE OF REMOVAL - 1

the Complaint and all process, pleadings, and orders are attached hereto as **Exhibit A.** In addition, a copy of the Register of Actions is attached hereto as **Exhibit B**.

2. In the Complaint, the Plaintiffs named Fiat Chrysler Automobiles North America, LLC and Fiat Chrysler Automobiles, N.V. as the defendants in the case. *See* Complaint attached as Exhibit A-1. FCA US LLC ("FCA US")[1] was not named as a defendant in the Complaint and FCA US was never served with the Complaint.

3. FCA US first had knowledge of the lawsuit filed by the Blitons on October 26, 2017, but neither Fiat Chrysler Automobiles North America, LLC nor Fiat Chrysler Automobiles, N.V. were ever properly served with process pursuant to Idaho Rule of Civil Procedure 4.

4. On October 27, 2017, counsel for FCA US notified Plaintiffs' counsel that the proper party defendant in the lawsuit was FCA US.

5. On November 15, 2017, Fiat Chrysler Automobiles N.V. specially appeared in the case in order to contest personal jurisdiction and on November 30, 2017, Fiat Chrysler Automobiles, N.V. filed a motion to dismiss the litigation based on insufficient service of process and lack of personal jurisdiction. *See* Notice of Special Appearance attached as Exhibit A-4 and Motion to Dismiss attached as Exhibit A-9.

6. On February 1, 2018, Plaintiffs filed a motion to amend their Complaint in order to name FCA US. *See* Motion to Amend attached as Exhibit A-14.

7. A hearing on the motion to dismiss and motion to amend took place on February 28, 2018, and on March 6, 2018, the Court granted Fiat Chrysler Automobiles, N.V.'s motion to dismiss and also granted Plaintiffs' motion to amend.

---

[1] The sole member of FCA US LLC is FCA North America Holdings, LLC. The sole member of FCA North America Holdings, LLC is Fiat Chrysler Automobiles N.V., a corporation organized and existing under the laws of the Netherlands.

NOTICE OF REMOVAL - 2

8. On April 13, 2018, Plaintiffs served FCA US with their First Amended Complaint for Damages ("First Amended Complaint"), which named only FCA US as a defendant. *See* First Amended Complaint attached as Exhibit A-20. Pursuant to the First Amended Complaint, Plaintiffs stated personal injury, negligence and breach of warranty claims against FCA US arising out of a May 18, 2015 automobile accident that occurred in Kootenai County, Idaho. *Id.* The First Amended Complaint requested only $10,000 in total damages. *See* First Amended Complaint (Exhibit A-20) at p. 3.[2]

9. On May 9, 2018, Plaintiffs filed their Second Amended Complaint, which seeks damages against FCA US in an amount ***in excess of*** $10,000 (emphasis added). *See* Second Amended Complaint attached as Exhibit A-24.

10. The Second Amended Complaint asserts personal injury, negligence and breach of warranty claims against FCA US arising out of the automobile accident that occurred in Kootenai County in May 2015. *Id.* No further pleading amendments have been filed as of the date of this Notice of Removal. *See* Register of Actions (Exhibit B).

11. FCA US filed an Answer to the Second Amended Complaint on May 23, 2018. *See* Answer attached as Exhibit A-25.

## II. BASIS OF REMOVAL

12. This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between the parties.

---

[2] Although the First Amended Complaint requested only $10,000 in total damages, the Plaintiffs' original Complaint, which did not name or involve FCA US but did involve the same claims as those asserted in the First Amended Complaint, contained a prayer for relief in excess of ***$12,000,000.***

NOTICE OF REMOVAL - 3

## A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).

13. In this case, Plaintiffs have stated that they are entitled to an award of compensatory damages in excess of $10,000, plus an award of costs, accrued interest, and attorney fees. *See* Second Amended Complaint (Exhibit A-24) at p. 3. Although the Second Amended Complaint does not explicitly state a damages claim in excess of $75,000, in assessing the amount in controversy, courts may consider allegations in the complaint and in the notice of removal, as well as summary judgment-type evidence relevant to the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). *See also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996).

14. As stated above, the Plaintiffs' original Complaint, which asserted the same causes of action arising out of the same motor vehicle accident alleged in this case, sought damages against the improperly named defendants in excess of $12,000,000. *See* Complaint (Exhibit A-1) at p. 4. Plaintiffs' multi-million dollar original prayer for relief provides convincing evidence that the amount in controversy in this case exceeds the sum of $75,000.

15. In addition, the Second Amended Complaint alleges that Bradley Bliton suffered "severe, permanent injury to his head, neck, back and knee requiring extensive medical care" and that Bradley Bilton has "suffered lost income, past and future, and lost income-earning capacity." *See* Second Amended Complaint (Exhibit A-24) at p. 2. Given Mr. Bliton's young age (32 years of age on the date of the accident), the claim for loss of future income alone strongly suggests that the damages sought by the Plaintiffs in this case will exceed $75,000. *See e.g. Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (finding that although it was unclear from the face of the complaint whether the amount in controversy exceeded $75,000, the complaint contained claims for loss of earnings and loss of earning capacity which

would easily exceed $75,000; thus, the subject matter jurisdiction requirements for removal were satisfied).

16. Because the allegations in the Second Amended Complaint indicate, convincingly, that the damages at issue in this case exceed $75,000, the amount in controversy satisfies the jurisdictional minimum under 28 U.S.C. § 1332(a).

### B. Complete Diversity of Citizenship Exists Between the Parties.

17. Diversity of citizenship is determined by the citizenship of all parties as of the date of the filing of the complaint. *See* 28 U.S.C. §§ 1332 and 1441.

18. The parties to this case are the Plaintiffs and FCA US.

19. The Plaintiffs are and were at the time the state court action commenced, residents of the State of Alaska. *See* Second Amended Complaint (Exhibit A-24) at p. 1. Accordingly, Plaintiffs are citizens of Alaska for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

20. Defendant FCA US is, and was at the time the state court action commenced, a Delaware limited liability company with its principal place of business located in the State of Michigan. *See* Delaware Secretary of State Entity Details attached hereto as **Exhibit C**. The sole member of FCA US is FCA North America Holdings, LLC, a Delaware limited liability company with its principal place of business located in the State of New York. The sole member of FCA North America Holdings, LLC is Fiat Chrysler Automobiles N.V., a corporation organized and existing under the laws of the Netherlands with its principal place of business located in the United Kingdom. Accordingly, FCA US is not a citizen of Alaska for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

21. With Plaintiffs being citizens of Alaska and FCA US a citizen of various states not including Alaska, there is complete diversity of citizenship between the parties to this lawsuit.

22. As set forth above, the Court has subject matter jurisdiction because this is a civil action in which the amount in controversy (exclusive of costs and interest) exceeds the sum of $75,000 and complete diversity of citizenship exists between the parties.

### III. COMPLIANCE WITH REMOVAL STATUTES

#### A. Proper Venue.

23. The United States District Court for the District of Idaho encompasses Kootenai County, the county in which the subject accident occurred and the county in which the state court action was filed. *See* 28 U.S.C. § 124. Therefore, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

#### B. Timeliness of Removal.

24. FCA US received a copy of the Second Amended Complaint on May 9, 2018. Because this Notice of Removal was filed within 30 days after FCA US's receipt of the Second Amended Complaint, this removal is timely under the provisions of 28 U.S.C. § 1446(b). No previous application has been made for the relief requested herein.

#### C. Notice.

25. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiffs and a copy of this Notice of Removal is being filed with the Clerk for the District Court of the First Judicial District of Kootenai County, Idaho.

## IV. NON-WAIVER OF DEFENSES

26. In removing this case to federal court, FCA US has not waived any available defenses to the allegations asserted against it in the Second Complaint and, unless otherwise stated in FCA US's Answer, FCA US has not admitted to any of the allegations set forth in the Second Amended Complaint. FCA US expressly reserves the right to assert all available defenses to each allegation in the Second Amended Complaint.

## V. CONCLUSION AND PRAYER

As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, FCA US respectfully requests that this lawsuit be removed to the United States District Court for the District of Idaho.

DATED this 1st day of June, 2018.

ELAM & BURKE, P.A.

By: /s/ Jaclyn T. Gans
William G. Dryden
Jaclyn T. Gans
Attorneys for Defendant FCA US LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of June, I electronically filed the foregoing with the U.S. District Court, which sent notice of the same to the following individuals:

Erik P. Smith                                              esmith@lclattorneys.com
Amanda Findlay
LAKE CITY LAW GROUP PLLC
435 W. Hanley Ave., Ste. 101
Coeur d'Alene, ID  83815
*Attorneys for Plaintiffs*

                                                 _____
                                                 Jaclyn T. Gans

4827-6547-7479, v. 2